```
 1
 2
 3
 4
 5
 6
 7
 8                          IN THE UNITED STATES DISTRICT COURT
 9                        FOR THE EASTERN DISTRICT OF CALIFORNIA
10   DERRICK WHITE,
11              Plaintiff,                    No. CIV S-10-290 LKK KJM PS
12        vs.
13   CHIRSTINA KOCKINIS,
14              Defendant.             ORDER
15   _____/
```

16          Plaintiff is proceeding in this action pro se.  Plaintiff has requested authority

17  pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis.  This proceeding was referred to this

18  court by Local Rule 72-302(c)(21).

19          Plaintiff has submitted the affidavit required by § 1915(a) showing that plaintiff is

20  unable to prepay fees and costs or give security for them.  Accordingly, the request to proceed in

21  forma pauperis will be granted.  28 U.S.C. § 1915(a).

22          The federal in forma pauperis statute authorizes federal courts to dismiss a case if

23  the action is legally "frivolous or malicious," fails to state a claim upon which relief may be

24  granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C.

25  § 1915(e)(2).

26  /////

1  A claim is legally frivolous when it lacks an arguable basis either in law or in
2 fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-
3 28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an
4 indisputably meritless legal theory or where the factual contentions are clearly baseless.
5 Neitzke, 490 U.S. at 327.

6  In order to avoid dismissal for failure to state a claim a complaint must contain
7 more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements
8 of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007). In other
9 words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory
10 statements do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). Furthermore, a
11 claim upon which the court can grant relief has facial plausibility. Twombly, 550 U.S. at 570.
12 "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to
13 draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129
14 S. Ct. at 1949. When considering whether a complaint states a claim upon which relief can be
15 granted, the court must accept the allegations as true, Erickson v. Pardus, 127 S. Ct. 2197, 2200
16 (2007), and construe the complaint in the light most favorable to the plaintiff, see Scheuer v.
17 Rhodes, 416 U.S. 232, 236 (1974).

18  The complaint fails to allege a basis of federal court jurisdiction. The federal
19 courts are courts of limited jurisdiction. In the absence of a specific statute granting jurisdiction,
20 plaintiff's claims may not proceed in this court. It appears that plaintiff is simply alleging a
21 breach of contract, which is presumptively a state law claim, not a federal claim. The complaint
22 will therefore be dismissed. The court will, however, grant leave to file an amended complaint.

23  If plaintiff chooses to amend the complaint, plaintiff must set forth the
24 jurisdictional grounds upon which the court's jurisdiction depends. Federal Rule of Civil
25 Procedure 8(a). Further, plaintiff must demonstrate how the conduct complained of has resulted
26 in a deprivation of plaintiff's federal rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).

1  In addition, plaintiff is informed that the court cannot refer to a prior pleading in
2 order to make plaintiff's amended complaint complete.  Local Rule 15-220 requires that an
3 amended complaint be complete in itself without reference to any prior pleading.  This is
4 because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v.
5 Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original
6 pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an
7 original complaint, each claim and the involvement of each defendant must be sufficiently
8 alleged.
9  In accordance with the above, IT IS HEREBY ORDERED that:
10  1.  Plaintiff's request to proceed in forma pauperis is granted;
11  2.  Plaintiff's complaint is dismissed; and
12  3.  Plaintiff is granted thirty days from the date of service of this order to file an
13 amended complaint that complies with the requirements of the Federal Rules of Civil Procedure,
14 and the Local Rules of Practice; the amended complaint must bear the docket number assigned
15 this case and must be labeled "Amended Complaint"; plaintiff must file an original and two
16 copies of the amended complaint; failure to file an amended complaint in accordance with this
17 order will result in a recommendation that this action be dismissed.
18 DATED:  February 11, 2010.

_____
U.S. MAGISTRATE JUDGE

006
white.ifp-lta